United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BOARD OF TRUSTEES, IN THEIR CAPACITIES AS TRUSTEES FOR THE STATIONARY ENGINEERS LOCAL 39 HEALTH AND WELFARE TRUST FUND,

Plaintiff,

v.

JAYNISH DANIEL RAM,

Defendant.

Case No. 3:26-cv-11251

**ORDER GRANTING TEMPORARY RESTRAINING ORDER**

Re: Dkt. No. 4

Before the Court is Plaintiff's motion for temporary restraining order ("TRO"). Upon consideration of the motion, the memorandum of points and authorities in support thereof, the operative pleading, and supporting declarations and exhibits appended thereto, the Court GRANTS Plaintiff's motion.

The standard for issuing a temporary restraining order is substantially identical to the standard for issuing a preliminary injunction. *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017). Thus, a party seeking a temporary restraining order must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). "[I]f a plaintiff can only show that there are serious questions going to the merits – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the balance of hardships tips *sharply* in the plaintiff's favor, and the other two *Winter* factors are

United States District Court
Northern District of California

satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (cleaned up) (emphasis in original).

Here, the Court is persuaded that Plaintiff shows at least serious questions regarding its claim for an equitable lien under ERISA. *See Montanile v. Bd. of Trs. of Nat. Elevator Indus. Health Benefit Plan*, 577 U.S. 136, 145 (2016). Moreover, the balance of equities tips sharply in Plaintiff's favor – preserving the lien amount will ensure that the fund is not dissipated in the near term and that Plaintiff may continue to benefit other Plan participants.

For the foregoing reasons, the Court GRANTS Plaintiff's motion and ORDERS:

1. Pending consideration of the claims before the Court, Defendant Jaynish Daniel Ram is ENJOINED and RESTRAINED from disbursing, distributing, pledging, promising to pay, or otherwise spending up to $496,081.12 ($446,018.12 lien amount, up to $50,000.00 for attorneys' fees and costs, according to proof) of the settlement proceeds paid by USAA insurance as a result of the February 21, 2025 motor vehicle accident involving Defendant.
2. Defendant is hereby ORDERED TO SHOW CAUSE at a hearing in the courtroom of the assigned judge, or as otherwise ordered by that judge, at 10:00 a.m. on October 15, 2026. Defendant SHALL file a response to Plaintiff's motion by no later than October 6, 2026; Plaintiff may file a reply by no later than October 8, 2026. The assigned judge may modify this schedule as appropriate.
3. This order shall remain in effect until 9:00 p.m. on October 15, 2026, or as otherwise directed by the Court.

//

//

//

//

//

//

//

United States District Court
Northern District of California

4. Plaintiff SHALL file proof of service of this order on Defendant on the docket by no later than 4:00 p.m. on October 2, 2026.

**IT IS SO ORDERED.**

Dated: October 1, 2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**